```
                    FILED
                  FEB 2 5 2013
            CLERK, U.S. DISTRICT COURT
          SOUTHERN DISTRICT OF CALIFORNIA
          BY                        DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Cr. No. 12-4444GT )  |
| v. | ) **ORDER** |
| JUAN MORALES-MORAN, | ) |
| Defendant. | ) |

On January 28, 2013, Defendant, Juan Morales-Moran ("Mr. Morales") filed two Objections to the Presentence Report ("PSR"). For the reasons stated below, Mr. Morales' Objections are **GRANTED in part** and **DENIED in part**.

## BACKGROUND

On December 6, 2012, Mr. Morales, pled guilty to a Superseding Information charging him with Fraud and Misuse of Entry Documents, in violation of 8 U.S.C. § 1546(a). Mr. Morales filed two Objections to the PSR.

On October 2, 2012, Mr. Morales applied for admission through the pedestrian lane at the

1  San Ysidro Port of Entry. At primary, Mr. Morales presented a Permanent Resident Card bearing
2  the name and picture of another person. The border patrol agent noticed that Mr. Morales did not
3  look like the picture and requested another form of identification. Mr. Morales did not have any
4  other identification. He was referred to secondary. At secondary, it was determined that Mr.
5  Morales was a citizen of Mexico without legal documents to enter the United States. A records
6  check revealed that Mr. Morales a prior criminal history.

## Objections to PSR

1. **Pg 9, Para. 51: GRANTED**

   Mr. Morales argues that this paragraph states that the parties have agreed on the 2 level enhancement under § 2L2.2(b)(1), which is incorrect. The parties have not agreed on the +2 for the prior deportations. Probation also agrees that this is a mistake.

2. **Pg 4, Para. 12: DENIED**

   Mr. Morales claims that the Probation Officer is incorrect in recommending the +2 under § 2L2.2(b)(1) for his prior two deportations. Essentially, Mr. Morales argues that his prior deportation orders were invalid. According to Mr. Morales, since the prior deportations were invalid, they can not be used to increase his sentence. However, Mr. Morales bases his entire argument on the body of law that allows a defendant to collaterally attack his prior deportation only if the deportation is an element of the criminal offense, such as a § 1326 charge. *See* United States v. Reyes-Bonilla, 671 F.3d 1036, 1042-43 (9th Cir. 2012); *see also* 8 U.S.C. §1326(d). Notable, even in these cases, the defendant may only collaterally attack his prior deportation under very limited circumstances. For example, the defendant must prove that the removal order violated his due process rights and that he was prejudiced. United States v. Arias-Ordonez, 597 F.3d 972, 976 (9th Cir 2010). To show prejudice, the defendant must demonstrate he had plausible grounds for relief from

deportation. United States v. Esparza-Ponce, 193 F.3d 1133, 1136 ( 9th Cir. 1999). In this case, Mr. Morales has not shown he had plausible grounds from relief from deportation. Mr. Morales argues that his prior state crime should not have been categorized as an aggravated felony. However, even if this designation as an aggravated felony was incorrect, Mr. Morales could still have been deported. Hence, even under this inapplicable body of law, his argument would fail.

More importantly, in most other cases, such as subsequent deportation hearings, when the prior deportation is not an element of the underlying crime, the Ninth Circuit has consistently held that a defendant cannot collaterally attack a prior deportation order in the absence of a gross miscarriage of justice. *See*, Carrillo de Palacios v. Holder, 662 F.3d 1128, 1130 (9th Cir. 2011). Mr. Morales has not shown or even argued that there was a gross miscarriage of justice. Accordingly, this objection is denied.

**IT IS ORDERED** that Mr. Morales' Objections are **GRANTED in part** and **DENIED in part.**

**IT IS SO ORDERED.**

2-25-13
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel